IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**KENNETH CHLOE,**

    Plaintiff,

v.

**OTTAWA COUNTY CLERK
OF COURTS, et al.,**

    Defendants.

CASE NO. 3:23 CV 1428

JUDGE JAMES R. KNEPP II

MEMORANDUM OPINION AND
ORDER

### BACKGROUND

Plaintiff Kenneth Chloe has filed a fee-paid *pro se* complaint in this case against multiple Defendants, including the Ottawa County Clerk of Courts, Court Administrator Katelyn Ritzler, Ottawa County Associate Judge Bruce Winters, Sheriff Stephen J. Levorchick, Chief of Police Richard Knowlton, Sergeant Matthew Davis, Troopers Carl Gutman and Shaun Robles, former Trooper Adrienne Ward, Officer K. Meeks, Attorney Howard Whitcomb, James J. Vaneerten, Ottawa County Prosecutor Alec W. Vogelpohl, Assistant Prosecutor Thomas Matuszak, "Mr. Reinhardt Attorney", and Attorney Brett A. Klimkowsky. (Doc. 1).

The Complaint consists almost entirely of incomprehensible statements and legal rhetoric, but Plaintiff states he asserts claims "on behalf of" Harry Terrell, Mary Terrell, and Montu Bey, who he describes as "members" of his "Private Member Association" ("PMA"). (Doc. 1, at 2, ¶ 1). His claims relate to the criminal prosecution, conviction, sentencing, and appeal of Harry Terrell in state court. *See id*. at 5-6, ¶¶ 8-9.

An Ottawa County Court of Common Pleas jury convicted Mr. Terrell on charges of failing to comply with an order or signal of a police officer and two counts of felonious assault of

1

a peace officer; he was sentenced to serve seven to nine years in prison. *State of Ohio v. Harry Terrell*, No. 2020-CR-I-243A (Ottawa Cnty. Ct. of Comm. Pleas). Mr. Terrell's conviction and sentence were affirmed on appeal. *See State of Ohio v. Harry Terrell*, 2022 WL 17369007 (Ohio Ct. App.). In its decision affirming the trial court's judgment in Mr. Terrell's criminal case, the Ohio Court of Appeals noted Plaintiff attempted to appear on behalf of Mr. Terrell in the case, but the trial court denied Plaintiff's attempt to do so because Plaintiff is not an attorney licensed to practice law in Ohio and had not been granted permission to appear *pro hac vice*. *See id*. at *2.

Now, in this civil case, Plaintiff again purports to represent Mr. Terrell, as well as "PMA" members Mary Terrell, and Montu Bey, who Plaintiff asserts were witnesses in Mr. Terrell's criminal case, contending all of their rights were violated in Mr. Terrell's case. Plaintiff cites a litany of federal criminal laws and constitutional provisions and seeks three million dollars in damages "on behalf of" Harry Terrell, Mary Terrell, and Montu Bey; he also seeks the "immediate release of Harry Terrell." (Doc. 1, at 17, ¶ 35).

Almost all Defendants have filed motions to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).[1] *See* Doc. 9 (Motion of Defendant Rinehardt); Doc. 12 (Motion of Defendant Winters); Doc. 13 (Motion of Defendants Gutman, Davis, Ward, and Robles); Doc. 20 (Motion of Defendants Ottawa County Clerk of Courts, Ritzler, Levorchick, Vaneerten, Matuszak, and Vogelpohl); and Doc. 21 (Motion of Defendant Knowlton). Among other arguments, the Moving Defendants contend Plaintiff's complaint must be dismissed for lack of subject-matter jurisdiction because Plaintiff lacks standing to bring this action on behalf of other "PMA" members.

---

1. The Docket does not indicate that Defendants Meeks, Klimkowsky, or Whitcomb have been served. A search of the USPS website indicates the summons and complaint were delivered by certified mail to Whitcomb, but the Court has not received the certified mail return receipt.

Plaintiff has filed various responses to the motions. (Docs. 14-17 and 22-24) These filings, like Plaintiff's complaint, consist of unclear statements and rhetoric.

### STANDARD OF REVIEW

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim upon which relief can be granted. To survive a dismissal, a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). And although pleadings and documents filed by *pro se* litigants are "liberally construed" and held to a less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even *pro se* complaints must satisfy Rule 12(b)(6)'s standard to avoid dismissal for failure to state a claim. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Further, even without a motion to dismiss, "federal courts are under an independent obligation to examine their own jurisdiction" in every case. *Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 359 (6th Cir. 2006). Federal district courts "may, at any time, *sua sponte* dismiss" any complaint, even a fee-paid complaint, "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

### DISCUSSION

Upon review, the Court agrees with the Moving Defendants that Plaintiff's complaint warrants dismissal pursuant to Fed. R. Civ. P. 12 and *Apple v. Glenn*.

First, whatever his claims are, Plaintiff's Complaint on its face does not assert violations of his own rights but, instead, purports to assert violations of the rights and seeks relief on behalf of others in connection with Mr. Terrell's state criminal case. Plaintiff lacks standing to bring such an action in federal court as he has not demonstrated he is licensed attorney. For this reason alone, his complaint warrants dismissal, as against all defendants, for lack of subject matter jurisdiction. *See Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007) (citation omitted) ("If Plaintiffs cannot establish constitutional standing, their claims must be dismissed for lack of subject matter jurisdiction."). It is well-established that a non-attorney may not appear *pro se* in federal court on behalf of any person or entity other than himself. *See, e.g., Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018) ("[W]e have consistently interpreted [28 U.S.C.] § 1654 as prohibiting *pro se* litigants from trying to assert the rights of others) (collecting cases).

Second, even if Plaintiff had standing, his Complaint fails to state a plausible claim upon which relief may be granted for multiple other reasons, including those set forth by the Moving Defendants in their motions. The statements and allegations set forth in Plaintiff's pleading are so unclear and conclusory that they fail to meet the basic pleading requirements or allege cogent facts necessary to state a plausible federal claim against each defendant upon which he may be granted relief. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). Plaintiff has no plausible private civil claim or cause of action under the criminal laws he cites. *See, e.g., Butler v. Karet*, 2021 WL 3633476, at *2 (N.D. Ohio) ("Criminal statutes generally do not confer a private right of action, and courts do not 'routinely, imply private rights of action in favor of the victims of violations of criminal laws.'")

4

(quoting *Ohlendorf v. United Food & Commercial Workers Int'l Union, Local 876*, 883 F.3d 636, 642 (6th Cir. 2018). Moreover, a plaintiff cannot bring a civil rights action in federal court seeking a prisoner's immediate release from prison. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 489-500 (1973).[2] And a damages action challenging the validity of a criminal conviction or sentence under § 1983 is not cognizable unless the plaintiff first shows that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," which Plaintiff has not demonstrated with respect to Mr. Terrell's conviction or sentence. *Heck*, 512 U.S. at 487. Finally, many of the Defendants are immune from suit or cannot be sued for damages under § 1983. *See, e.g.*, *Lucas v. Collier-Williams*, 2021 WL 1061906, at *3 (N.D. Ohio) (judges, prosecutors, and defense lawyers are immune from damages actions); *Lloyd v. Pokorny*, 2020 WL 4455547, at *7 (S.D. Ohio) (courts are not entities capable of being sued; judges and those who perform quasi-judicial functions are entitled to judicial immunity; and sovereign immunity protects states and state officials in their official capacity from suits seeking money damages in federal court).

## CONCLUSION

Accordingly, for the forgoing reasons and those stated in the Moving Defendants' motions to dismiss, good cause appearing, it is

ORDERED that Moving Defendants' Motions to Dismiss (Docs. 9, 12, 13, 20, 21) be, and the same hereby are, GRANTED; and it is

---

2. Where a person in state custody challenges the validity of a criminal conviction and the relief he seeks is his immediate release or a speedier release, his sole federal remedy is a writ of habeas corpus. *Preiser*, 411 U.S. at 500.

FURTHER ORDERED that this action be, and the same hereby is, DISMISSED, as against all Defendants, pursuant to Fed. R. Civ. P. 12 and *Apple v. Glenn*; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE